ALBANY,
August, 1812.

GARDNER
v
TURNER.

## GARDNER against TURNER.

A challenge lies to the array, for any partiality or default in the clerk, in selecting and arraying the jury. Where a challenge to the array was made because the clerk drew seventy-two names out of the box and put them in a list, and then designated thirty-six names so drawn, to be a panel for the circuit, and the other 36 a panel for the court of common pleas, and the defendant denied the truth of the fact, and offered to join issue thereon, but the judge refused to quash the venire, or pass the cause, and no issue was joined on the challenge; and the plaintiff, under these circumstances, refused to bring on the cause to trial; it was held, that the cause alleged for the challenge was sufficient, and that the judge ought not to have over-ruled it, but should have appointed triors, to try the truth of the facts; and that the defendant was not, therefore, entitled to judgment as in case of nonsuit, because the plaintiff did not proceed to trial.

A MOTION was made in behalf of the defendant, for judgment as in case of nonsuit, for not proceeding to trial in this cause, at the last circuit in *Rensselaer* county.

It appeared that after the cause had been twice passed in the calendar of causes without being brought on, it was again called, and the jury were about to be empannelled, when the plaintiff's attorney presented a challenge to the array, which stated that the clerk of the county, his deputy or agent, instead of drawing out of the box containing the names of jurors, thirty-six names, drew out the number of seventy-two names, which he put in a list, and then selected and marked thirty-six of the jurors, so drawn, and directed the sheriff of the county to summon the thirty-six jurors, whose names were so marked and designated, for the circuit court and *oyer* and *terminer*, and the others for the court of common pleas, and the sheriff accordingly summoned the thirty-six jurors so designated, for the circuit.

The attorney for the defendant stated to the judge, that the facts alleged in the challenge were untrue, and offered to take issue, if the judge thought the challenge ought to be received, or sufficient to prevent the trial of the cause. The judge refused to quash the *venire*, or pass the cause, on account of the challenge, and no issue in fact was taken thereon. The plaintiff's attorney then declined to bring on the cause.

In support of the motion, the affidavits, also, of the clerk and his deputy were read, denying the facts stated in the challenge to the array made by the plaintiff's attorney.

*R. M. Livingston*, for the defendant.

*Starr*, contra.

*Per Curiam.* The defendant moves for judgment as in case of a nonsuit for plaintiff's default, in not proceeding to trial at the last circuit court, in *Rensselear* county, and he is entitled to the effect of his motion, if the plaintiff has been in default. The motion is resisted on the ground that, at the circuit, the plaintiff

challenged the array, for a supposed misconduct in the clerk, in drawing out seventy-two names, and designating thirty-six of them to be summoned as jurors to that circuit. This challenge was overruled by the judge, but the plaintiff declined to proceed to trial.

Either party has a right to challenge the array; and partiality, or some default in the sheriff or his under officer who arrayed the panel, are good causes of challenge.* If the facts alleged in the challenge are denied to be true, two triors are appointed by the court, out of the panel,† or, perhaps, any two individual persons named by the court. If the *triors* pronounce the causes of challenge unfounded, the trial proceeds. If the facts are admitted, but are deemed insufficient, the court adjudges on them, and either quashes the array, or overrules the challenge. Since our statute authorizing the clerk to array the jury, a challenge lies to it, for partiality, or default in the clerk, who, for many purposes, is substituted for the sheriff, in selecting and arraying the jury. The facts set forth in the challenge amounted, if true, to a default in the clerk, in forming the array, and the defendant ought to have joined issue on the challenge; and if the triors had found, that the jury was not thus arrayed, then the cause must have proceeded, or the plaintiff would have been in default. The challenge should not have been overruled, and as it is, the plaintiff is not chargeable with a default in not proceeding to trial, for he had a right to the challenge, and, if well founded, it would be a sufficient cause for not going to trial.

It is now admitted that the facts stated in the challenge are unfounded; and could we believe that it was interposed merely to delay and interrupt the defendant, we ought, now, perhaps, to consider it as no excuse for not proceeding; this we are not authorized to do, but are bound to consider it interposed on information then received.

* 2 Tidd, 779.

† Co. Litt. 158.

Motion denied.