THEODORE CONKEY, Plaintiff in Error,

*vs.*

NORTHERN BANK, Defendant in Error.

ERROR TO THE OUTAGAMIE CIRCUIT COURT.

A mistake in a Notice of Trial, by which a wrong name of the county seat is substituted as the place of holding the court, will not be held fatal, where the notice is entitled of the proper county, and the defendant is not surprised by the mistake.

A challenge to the array must be certain and specific.

It goes to the panel collectively, and is founded upon objections to the manner of their impanneling, as, partiality in the sheriff or clerk; and not on objections to one or more of the several jurors.

It is no cause of challenge to a juror that he served at a previous term of the court.

The defendant in error brought an action against the plaintiff in error in the court below, which was noticed for trial as follows:

"OUTAGAMIE COUNTY CIRCUIT COURT:

"Northern Bank ⎫
   *vs.* ⎬
"Theodore Conkey. ⎭

                 "You will please take notice that the "above entitled cause will be brought to trial at the next term "of the said court, to be held at the court house, in the city "of Green Bay, in said county, on the third Monday in Octo- "ber, A. D. 1856."

Upon the cause being called for trial at a regular term of said court sitting at Grand Chute, the county seat of Outagamie county, the defendant objected to proceeding to trial

for want of notice of trial at *Grand Chute.* Which objection was overruled by the court, and the defendant excepted.

Thereupon a jury was called, and a list being presented to defendant, one peremptory challenge was made by him, and another juror was called. Thereupon the defendant declined to make any further peremptory challenges, but tendered to the court the following challenge to the array :

" In Circuit Court:

" Northern Bank

    *vs*

" Theodore Conkey.         " Oct. 21, 1855.

     " And now comes the said defendant, by "his attorney, R. P. Eaton, and challenges the array of "jurors, for the reason that they were illegally drawn; a "part of said jurors having been drawn at the last term."

To the allowance of which challenge the plaintiff objected, and the court sustained the objection; and the defendant excepted. Verdict and judgment for plaintiff.

*R. P. Eaton*, for plaintiff in error.

The court erred in overruling defendant's objection to Notice of Trial. 1 Bur. Pr., 212; 3 Id., 201; Rules of this Court. Also in overruling defendant's challenge to the array of jurors. R. S., chap. 97, §§ 3, 6, 7, 8.

*J. H. Howe, for defendant in error.*

*By the Court*, Smith, J. The mistake in the notice of trial in this case could hardly have occasioned surprise. But if it did so, as the attorney of the defendant below was in attendance when the cause was called, he could have made his affidavit of surprise, which would have doubtless been considered by the court. As he did not do so, it is reasonable to sup-

pose he could not conscientiously; especially as the notice, was entitled of the " Outagamie circuit court," and of the proper term. The county seat of that county is fixed by law, and every one is supposed to know it; as also that the terms of the circuit court are held at the county seat. We think therefore that the mistake was wholly immaterial, and the court did right in disregarding it, especially as no affidavit of surprise was made.

Nor was the challenge to the array of jurors sufficient either in form or substance. It is no cause of challenge to a juror that he served at a previous term of the court, or that he was not summoned fifteen days before term.

The challenge to the array must be certain and specific. 3 Burr. R., 140; and is an objection to all the jurors returned by the sheriff, collectively. 3 Bl. Com.. 358; Coke Litt., 156, 158; and is founded on some partiality or default in the sheriff, or his under officer, or the clerk who arrayed the panel. 3 Black., 359; 1 Archb. Pr., 204; 9 J. R., 260; 1 Cow., 432. There is no intimation of partiality or unfairness, or of kindred, or any improper conduct whatever on the part of the clerk or sheriff; but the only reason assigned is, " a part of said jurors having been drawn at the April Term." How many, whether one, or two, or more, is uncertain. This is no cause of objection to the other jurors. It is no cause of challenge to the array. It is quite probable that the court would not have compelled the service of a juror who had served at a previous, term, if he had asked to be excused for that reason. It was the privilege of the juror, however, who might avail himself of it or not.

There is no error in the record, and the judgment of the court below is affirmed with costs.