**319 ATTORNEY GENERAL vs. SUPERIOR COURT JUDGE (Grand Rapids), No. 14233.**

To vacate an order sustaining a challenge to the array of jurors, after the impanelling of the jury for the trial of a criminal case.

Granted June 20, 1894.

Relator insisted that if an inferior court abstain from entering upon the merits of a cause in consequence of its arriving at an erroneous decision upon a preliminary point law, this will be regarded as a refusal to hear, and mandamus to hear and determine will be granted. Short on Extraordinary Remedies, 296; Rex vs. Richards, 20 L. J. B., 352. That there is no rule of law to prevent the review of criminal proceedings which have not gone to trial, Robison vs. Recorders' Court Judge, 59 M., 529 (236); Hewitt vs. Circuit Judge, 71 M., 287 (318); Reg vs. Justices, 2 Q. B. D., 516; State vs. Ellis, 6 So. Rep. (La.), 55.

The objections to the jury were that the lists returned contained a less number of names than is required by How. Stat., Sec. 6582; that in one instance the list filed with City Clerk differed from that filed with the Clerk of the Court; that no list was filed with the City Clerk from one ward and that from two wards substantially the same list was filed for the Circuit Court, as was filed for the use of the Superior Court for the same year. Relator contended that the statutory provisions as to the time and mode of selection of jury lists are directory and not mandatory, Thompson & Merriman on Juries, Secs. 47, 134, 139; Com. vs. Walsh, 124 Mass., 32; Thomas vs. People, 39 Mich., 309; People vs. Coffman, 59 Mich., 1.