(80 Misc. Rep. 114.)

### PEOPLE v. DAMRON.

(Supreme Court, Special Term, Kings County.   March 15, 1913.)

1. CRIMINAL LAW (§ 1073*)—APPEAL—CERTIFICATE OF REASONABLE DOUBT.

The applicant for a certificate of reasonable doubt need not show that the alleged error did in fact prejudice defendant, but the court must determine that the error complained of could not have prejudiced defendant before it is warranted in denying a certificate, and the certificate

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

must recite briefly the particular rulings believed to have been erroneous, together with any other grounds upon which it is granted.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2730; Dec. Dig. § 1073.*]

2. CRIMINAL LAW (§ 1073*)—APPEAL—GROUNDS FOR CERTIFICATE OF REASONABLE DOUBT.

Where at the opening of the case, counsel for defendant submitted a written challenge to the panel of special jurors, and stated the ground of the challenge, and the district attorney did not except to the challenge for insufficiency, as provided by Code Cr. Proc. § 364, and no exception in writing or otherwise was entered upon the minutes of the court, and Code Cr. Proc. § 362 et seq., providing for the trial of a challenge, were not complied with, and the court overruled the challenge, defendant is entitled to a certificate of reasonable doubt.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2730; Dec. Dig. § 1073.*]

William C. Damron was convicted of grand larceny, and appeals, and files a motion for certificate of reasonable doubt. Motion granted.

John J. Curtin, of New York City, for the motion.
James C. Cropsey, Dist. Atty., of Brooklyn, opposed.

BENEDICT, J. The defendant has been convicted by the judgment of this court rendered against him on the 30th day of January, 1913, of the crime of grand larceny in the first degree, and has taken an appeal from the said judgment, and now moves upon the minutes of the trial and the proceedings subsequent thereto at the Special Term for a certificate of reasonable doubt.

[1] In People v. Tirnauer, 77 Misc. Rep. 387, 136 N. Y. Supp. 833, I had occasion to consider the rules governing the Special Term in the determination of these applications, and from the authorities there reviewed the rule was ascertained to be that the court hearing the application need not arrive at a positive conclusion that the trial court erred, but it is enough if in the opinion of the court there is reasonable doubt whether the judgment should stand, and, further, that it is not necessary for the applicant to show that the alleged error did, in fact, prejudice the defendant, but the court must determine that the error complained of could not in any way have affected or prejudiced the defendant before it is warranted in denying a certificate. The application is "founded upon the record of the cause," and the certificate, if one be granted, "must recite briefly the particular rulings believed to have been erroneous, together with any other grounds upon which it is granted."

[2] It seems to me that a certificate of reasonable doubt should be granted in this case for the following reasons: The defendant was tried before a jury drawn from a special panel. At the opening of the case his counsel submitted a challenge in writing to the array or panel of special jurors so drawn, stating the grounds of the challenge. The learned district attorney did not except to the challenge on the ground of its insufficiency, as provided by section 364 of the Code of Criminal Procedure, and no exception in writing or otherwise was entered upon the minutes of the court, as therein required. The provisions of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Code of Criminal Procedure respecting the making and trial of challenges to the panel of jurors in any case are contained in sections 362 to 368 inclusive, and they provide for a trial of the challenge, first, upon the question of the sufficiency of the facts alleged in it as a ground of the challenge, and, if the sufficiency of the ground be denied, then for a trial of the questions of fact raised by the challenge. The sections of the Code referred to require that all the proceedings, in the event of a challenge of this nature, shall be "entered upon the minutes of the court." The method of exception to the challenge takes the place of the former method of interposing a demurrer on the part of the people to the challenge to the array.

As has been stated, the district attorney in the present case did not except or demur to the sufficiency of the facts alleged as the ground of challenge, as provided in section 364, and in the absence of such exception it might be contended with much force that the district attorney admitted the sufficiency of the challenge. Neither does it appear that the challenge was denied by the district attorney, as specified in sections 365 and 366, nor that the court proceeded to try the question of fact raised by the challenge, as prescribed in section 366. The record is barren of any statement regarding any proceedings on the part of the district attorney in respect of the challenge. The only statement which the record contains is the statement made by the court which immediately follows the challenge, which is to this effect:

"I will overrule the challenge and give you an exception, Mr. Curtin. Put twelve jurors in the box."

The proper proceeding to be adopted by the trial court in the event of a challenge to the panel is thus summarized in People v. Ebelt, 180 N. Y. 470–474, 73 N. E. 235, 236:

"Under the practice prescribed by the Code of Criminal Procedure, a challenge to the panel of jurors is required to be in writing, distinctly specifying the facts constituting the ground of challenge. It must be founded on a material departure, to the prejudice of the defendant, from the forms prescribed by the Code of Civil Procedure in respect to the drawing and return of the jury, or of the intentional omission of the sheriff to summon one or more of the jurors drawn. If the sufficiency of the facts alleged as a ground of challenge be denied, the adverse party may except to the challenge, which must be entered upon the minutes of the court; and thereupon the court, assuming the facts as alleged to be true, must determine the sufficiency of the challenge. If the challenge is deemed sufficient, the court, if justice require. it, may permit the party excepting to withdraw his exception and to deny the facts alleged in the challenge. If the exception be allowed, the court may, in like manner, permit an amendment of the challenge. If the challenge be denied, the court must proceed to try the question of fact raised with reference thereto, and determine whether the challenge should be allowed or disallowed. Sections 362 to 368. It will thus appear that an exception interposed by the district attorney raised the question as to whether the facts alleged as constituting the ground of challenge were sufficient to establish the unconstitutionality of the acts of the Legislature under which it is alleged that the jurors were drawn and served."

It was held in People v. McQuade, 110 N. Y. 284, 18 N. E. 156, 1 L. R. A. 273, that:

"It is plain that every statutory provision intended for the benefit of the accused confers a substantial right, which cannot be disregarded without his consent."

It requires nothing further than the foregoing recital of the proceedings to prove that the selection of the jury from a special panel in this case involved a substantial right of the defendant.

In the Petrea Case (People v. Petrea, 30 Hun, 98, affirmed in 92 N. Y. 128) the conviction was affirmed in a case where the grand jury had been impaneled under a law which was void; but in that case, as will be noted at page 103 of 30 Hun, the difficulty in regard to the challenge to the array was that it was not in writing. The court say:

"None of the proceedings required by sections 365 and 366 were taken, so that here was no exception to the challenge. Section 364. We do not know whether the court held the challenge to be sufficient or the allegations to be untrue. Nor does it even appear what evidence was offered, so that we can judge whether it was properly excluded or not."

The learned district attorney, in his brief submitted on this motion, in discussing the grounds of objection upon which the challenge proceeded, says the jury was properly drawn, but that, even if it were not:

"A mere irregularity in doing so is no cause for complaint by the defendant, as it did not prejudice or injure him or his rights."

It seems to me that this is not a correct statement of the law, in so far as it maintains that the defendant was not prejudiced, even though the jury were not properly drawn. At least he was entitled to have the issue raised by his challenge tried in the legal method prescribed by the statute before he himself was put on trial before such a jury. The methods of raising and trying the issues of law and fact which arise by the interposition of a challenge to the panel are stated in Coxe v. People, 80 N. Y. 500; Gardner v. Turner, 9 Johns. 260; Gardiner v. People, 6 Parker, Cr. R. 155. See, also, Co. Litt. (1639 Ed.) part 1, 156, 158; Pringle v. Huse, 1 Cow. 432, 436, note; 3 Wooddeson's Vin. Lect. 347, note 1.

Doubt was formerly expressed whether the rules governing challenges to the array were applicable to special juries, or were confined to common juries (see note in 1 Cow. at page 436, and cases there cited); but the present practice is to allow such a challenge. In People v. Wilber, 15 N. Y. Supp. 435,[1] where a challenge to the array was made, the record, after the challenge had been made, read as follows:

"People object; no testimony offered to sustain challenge; challenge overruled."

The court at General Term, Third Department, held that it should be assumed from such record that the people denied the facts alleged, and, no evidence being offered to sustain them, the challenge was properly overruled. In the present case the people did not either "object," nor "except," nor deny, and so no issue was raised which called upon the defendant to produce proof in support of the facts stated in his challenge, and the court was not justified, as it seems to me, in peremptorily overruling the challenge, unless it was so clearly frivolous on its face as not to require any argument.

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 61 Hun, 620.

In view of the fact that I am referred to no authority directly determining the effect of the procedure adopted in this case, I think the certificate of reasonable doubt should issue, especially as I cannot say in the present state of the record, as it is presented to me, that defendant's grounds of challenge to the panel are frivolous. The doubt so raised, I think, the Appellate Division, and not the Special Term, should set at rest. There are other questions which the defendant has raised, but none of them seems to me to possess sufficient merit to require discussion at this time.

Motion granted, and an order may be presented admitting the defendant to bail in the sum of $5,000.