SUPREME COURT. At Chambers. New-York, November 23, 1857. Before *Roosevelt*, Justice.

## THE PEOPLE *v.* JOHN B. HOLMES.

A stay of proceedings on a conviction in a criminal case till a decision on writ of error, is a matter of discretion.

THE prisoner had been convicted of forgery, and sentenced to imprisonment in the state prison for the term of fifteen years and six months. Exceptions having been taken, his counsel applied to Mr. Justice Roosevelt for a stay of proceedings on the conviction till a decision should be had on a writ of error.

*J. B. Phillips*, for the prisoner.

*A. Oakey Hall* (District Attorney), for the people.

ROOSEVELT, J.— Holmes, it appears, was convicted and sentenced in the General Sessions for the crime of forging his wife's name to a deed of real estate. He now applies, on various grounds, for a writ of error to bring the judgment into the Supreme Court for review, and, in the mean time, to stay all proceedings. Writs of error in such cases are declared by the statute to be writs of right, and to issue, of course; but the same statute also declares that they shall not stay or delay the execution of the judgment, or of the sentence thereon, unless allowed by a justice of the Supreme Court, with an express direction to that effect.

It will thus be seen that the prisoner has a strict right to the review, but not to the stay. The stay is a matter of discretion, to be exercised only on good cause shown. Of what avail, it may be said, will be a review after imprisonment has been suffered? On the other hand, of what avail, it may be asked, would be criminal trials, if in every case

the execution of the sentence were to be delayed by review at the mere option of the criminal? No man sentenced either to death or imprisonment would voluntarily submit. Writs of error would be universal. Promptitude and certainty, so essential to the punishment of crime, would be entirely defeated, and the whole register of criminal administration would soon become paralyzed.

The objections made to the present indictment are of a purely technical character; they in no degree affect the substance of the crime charged.

The prisoner executed a deed of real estate. Not being able to procure the genuine signature of his wife, so as to pass her claim of dower, he forged a signature for her, and superadded the crime of personation, to impose, first on the commissioner who took the sham wife's acknowledgment, and then upon the purchaser, who innocently accepted the sham wife's deed.

Does such a case address itself to the favorable consideration of a judge to whom the law has confided the exercise of a sound discretion? I think not; and must, therefore, deny the application, and leave the sentence to take its course.