(6 Misc. Rep. 246.)

## PEOPLE v. HESS.

(Supreme Court, Special Term, Albany County. December 26, 1893.)

CRIMINAL LAW—STAY OF PROCEEDINGS.

Under Code Crim. Proc. § 527, providing for stay of proceedings in a criminal cause on the certificate of a judge that, in his opinion, there is reasonable doubt whether the judgment should stand, an examination of the whole case is necessary, except where only a part of the record or of the evidence may reveal palpable error, and therefore a certificate will not be granted on a partial record or transcript of evidence, unless the case comes within such exception.

George W. Hess was convicted of manslaughter in the first degree, and applies for a stay of proceedings pending an appeal taken by him from the judgment of conviction. Denied.

Edward A. Gifford, Dist. Atty., for the People.
Eugene Burlingame, (J. H. Clute, of counsel,) for defendant.

HERRICK, J. The defendant has been convicted of manslaughter in the first degree, and, upon such conviction, sentenced to confinement in the states prison. He appeals from the judgment of conviction, and applies for a stay of proceedings pending such appeal. In civil cases, where it appears that the rights of the parties will not be prejudiced thereby, stays of proceedings pending appeals are freely granted. The same liberality, however, is not exercised in staying proceedings upon conviction for crime, for the reason that such liberality would seriously prejudice the administration of criminal justice. The beneficial administration of the

criminal law requires both certainty and promptness. Continual delays, and the spectacle of convicted criminals at large, weakens the administration of justice, and brings it into contempt. For that reason stays are not granted in criminal cases until after a careful examination, and a determination by the justice making the examination that, in his opinion, there is a reasonable doubt whether such judgment of conviction will stand. The defendant is not entitled to the stay as a matter of right. People v. Holmes, 3 Parker, Crim. R. 507; People v. O'Reilly, 9 Abb. N. C. 91. The application is made under section 527 of the Code of Criminal Procedure, which provides that, upon appeal, execution of the judgment shall be stayed upon filing "a certificate of the judge who presided at the trial, or of a judge of the supreme court, that, in his opinion, there is reasonable doubt whether the judgment should stand." In determining whether there is a reasonable doubt as to whether the judgment will stand or not, we must consider that other portion of section 527, reading as follows:

"And the appellate court may order a new trial if it be satisfied that the verdict against the prisoner was against the weight of evidence, or against law, or that justice requires a new trial."

Practically, this requires an examination of the whole case. In the language of another:

"This devolves the duty upon the judge, to whom the application for certificate is made, to form an opinion whether the judgment should stand, and such judge cannot form such opinion without a careful examination of the whole case, involving the indictment, the evidence and the proceedings upon the trial, and the charge of the trial court to the jury, who rendered the verdict that the defendant was guilty. Under a liberal and just construction of the language of this section, a judge is called upon to review the entire evidence, the charge of the trial court, and the law of the whole case, for he is required by it to form an opinion whether the judgment should stand; and the appellate court is required to set aside the judgment, and order a new trial, if it be satisfied that the verdict was against the weight of the evidence or against law, or that justice requires a new trial, whether any exception shall have been taken in the court below." People v. Sharp, 9 N. Y. St. Rep. 157, (Potter, J.)

That, I think, is a correct statement of the general rule. I do not mean to say that there may not be exceptional cases, where a part of the record, or a portion only of the evidence, may not reveal a palpable error, or present a point so sharply as to render it unnecessary to examine the whole case. There are exceptions to all general rules, but ordinarily, upon exceptions to the rejection or reception of evidence, it cannot be determined whether the defendant has been injured thereby, except upon a review of all the evidence in the case; neither can the effect of a particular portion of the trial judge's charge be ordinarily determined, except by reading the whole charge, and possibly, in addition, the evidence in the case. In the case now before me, I have but a few pages of the evidence, in a case the trial of which I am told occupied nearly two weeks; a memorandum of an exception to a part of the charge, without the charge itself; an affidavit of one of the defendant's counsel, detailing various transactions during the trial; and an

affidavit of the district attorney in opposition thereto, giving a different account of what took place upon the trial. The evidence and portions of the record before me do not bring the case within the exceptions to the general rule that I have heretofore suggested, and I am not able to form an opinion from them that "there is reasonable doubt whether the judgment should stand." There is not sufficient before me to form any opinion upon the merits of the case, or to enable me to determine whether any of the alleged errors may have prejudiced the defendant, and for that reason I must decline to grant the certificate asked for.