PEOPLE v. HALL.

(Supreme Court, Special Term, Erie County.   January 24, 1898.)

CRIMINAL LAW—PUBLIC TRIAL—APPEAL—CERTIFICATE OF REASONABLE DOUBT.
    Certificate of reasonable doubt to stay execution on appeal from judgment of conviction of extortion (Code Cr. Proc. § 527) will be granted where, notwithstanding the constitutional provisions for "public trial," the public was excluded from the trial on account of the character of the testimony.

William E. Hall, convicted of extortion, applies for certificate of reasonable doubt, under Code Cr. Proc. § 527.

S. J. Warren, Asst. Dist. Atty., for the People.
George M. Williams, for defendant.

TITUS, J.   This is an application by the defendant for a certificate that there is reasonable doubt whether the judgment should stand, as provided in section 527 of the Code of Criminal Procedure.   When the application was made to me, without very much consideration I consented to hear it, which I should not have done had I given the question any serious thought.   Ordinarily, applications of this kind should be made to a justice of the supreme court of the district where the action is pending, and attorneys should not be encouraged to go outside the district to get orders of this character, when they can be quite as well or better considered by a justice of the locality where the proceeding is pending.

Several questions are raised by the counsel for the defendant which he claims entitle him to a certificate of reasonable doubt, but I have considered but one question as being of sufficient importance to warrant me in acting in this case.   The defendant was indicted, with others, for the crime of extortion, which, under the provisions of the Penal Code, is a felony.   On the trial before the county court of Monroe county, after the jury was selected, the judge made the following announcement:

"The Court: The court will take this occasion to say that, on account of the character of the testimony which it is reasonable to expect from this case, the persons who have no business before the court, or any connection with this case, will be excluded from the court room. I make no exceptions to this rule. The witnesses who are called here for this case, and the parties and their attorneys, are the only ones who will remain. Mr. Williams: Does that include the representatives of the press? The Court: I see no reason why the accounts of this case should be published. Mr. Williams: The defendant excepts to the order of the court, and the defendant asks to be tried as prescribed by the constitution, the bill of rights, and the Code, which says that the trial shall be conducted publicly; and the defendant asks that any citizen who desires to attend the trial shall do so, so long as there is room for him in the court room. The Court: If your client has some special friend that he wishes to have sit by him during this trial, I have no objection to such a person remaining in the court room; but the disgusting and revolting character of the testimony which was brought out on the last trial is such that the public good requires the exclusion of all spectators during the course of the trial, and the court takes the responsibility of keeping out the crowd. If there is anyone you wish to have here as company for your client, that person may remain. By Mr. Williams: I quite agree with your honor as to the crowd; but, as to the press, it seems to me they should be admitted. I know of no provision which gives the court authority to make the order. By the Court: I will assume the responsibility for the order. The sheriff will see that it is executed. (Exception taken by the defendant.) By the Court: I hope there will be no misunderstanding about the intention of the court, or the right of the defendant to a public trial. If there is any person—any particular individual—you desire to have in the court room, for the protection of your client's right, the court has no intention of excluding any such person; but the indiscriminate multitude— By Mr. Williams: I think I understand the order of the court. The defendant asks to be tried as prescribed by the constitution and the various acts of the legislature, and publicly, and that no evidence be taken except the public be admitted, and the representatives of the press be admitted, so long as there is room."

This presents the question whether the defendant had a public trial, and whether the court erred in excluding the general public pending the trial. It appears from the affidavits presented to me that the order was enforced, and that all persons, including citizens, attorneys, and others, were excluded from the court, and were not permitted to enter the court room, and listen to the trial of the indictment. As I understand the provisions of section 527 of the Criminal Code, it is not necessary for me, in determining whether the defendant is entitled to a certificate, to decide that error was committed by the court, but only the question, does this order made by the county judge raise a reasonable doubt as to his authority in making it? and, if it does, then it becomes my duty to grant this certificate. So far as I have been able to learn, no court or judge in this country has ever intimated that a defendant accused of crime is not entitled to a public trial, and it is not pretended in this case that such is the law, but that the order of the court, excluding the public during its sittings, was not a deprivation of the defendant's right to a public trial. Indeed, such a position would be untenable, and could not, for a moment, be sustained by any court, because it is one of the fundamental principles of this country, and embodied in the constitution of the United States, that "in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury." Const. U. S. Amend. 6. It seems to me that this is an important personal right

of one accused of crime. Indeed, in most of the constitutions of the states of this country, this or a similar provision has been enacted, showing the importance which the people of the country attach to the personal rights of parties accused of crime, and so much so as to make it a part of the fundamental law. By section 8 of the Code of Criminal Procedure it is provided: "In a criminal action the defendant is entitled to a speedy and public trial," and by section 5 of the Code of Civil Procedure that "the sittings of court shall be public, and any citizen may freely attend the same"; so that, if the defendant did not have a public trial, it was clearly a violation of his right to exclude the public. This being a criminal action, it is not competent for a person charged with crime to waive any of his constitutional rights during such a trial. In one case it was held that a defendant charged with a felony could not consent to be tried by a jury of 11 men, the court holding that he could not waive a right to be tried by the mode provided by the constitution and laws of the state. Cancemi v. People, 18 N. Y. 128. If this was a civil case, a different question might arise. The defendant then might waive his legal and constitutional rights, and submit his case to a tribunal not constituted according to law, and, in fact, to one unknown to the law. There is no case that I can find where the courts of this state have passed upon this question, and I assume that, if this was not a public trial, then the court was in error.

Section 5 of the Code of Civil Procedure provides that:

"In all cases of divorce on account of adultery, seduction, abortion, rape, assault with intent to commit rape, criminal conversation, and bastardy, the court may, in its discretion, exclude therefrom all persons who are not directly interested therein, excepting jurors, witnesses, and officers of the court."

The defendant was not charged with any of these offenses, and it seems to me questionable whether the court can extend its provisions to cases not enumerated in this section. It seems to be the only authority given by the statute under which the court may act, and even here the order made by the county judge was broader than the language of this section of the Code, which permits the exclusion "of all persons who are not directly interested therein, excepting jurors, witnesses, and officers of the court." In the only reported case in this state (People v. Cornell [Sup.] 27 N. Y. Supp. 859), Justice Cullen held that, where the magistrate entertains an application for a criminal warrant, he does not hold a court within the meaning of section 5 of the Code of Civil Procedure, and he may, therefore, examine the witnesses on such application in private; but he says, "If, however, it is within the spirit of the statute, I concede it should be liberally construed." In Marshall v. Printing Co., 35 Hun, 667, the general term affirmed a judgment in an action for libel, in which Justice Rumsey, during the reading of a letter, excluded all persons except jurors, witnesses, and officers of the court. This was a civil action, and no exception was taken to the ruling of the judge; and, the exclusion being for a limited time and temporary purpose, the case does not seem to be authority for the ruling made by the county judge.

A number of cases have been passed upon by the courts in the dif-

ferent states, none of which go to the extent of holding that the court has the right to exclude the public from its sittings, for the reasons stated for making the order in this case. People v. Murray, 89 Mich. 276, 50 N. W. 995, arose under a provision of the constitution of that state which provides that "in every criminal prosecution the accused shall have the right to a speedy and public trial by an impartial jury." Article 6, § 28. The trial judge excluded from the court room the general public, and the court held, in an exhaustive opinion, reviewing all of the authorities in this country, that the defendant did not have a public trial, and that the court below had no power to exclude the public from attending the sittings of the court, and reversed the conviction, although the judge in that case, in his return, stated that the trial was a public trial, and that persons were excluded solely on the ground that the evidence was of an immoral character, which the public should not hear. In 1893 the legislature of Michigan passed an act providing that:

"Whenever it shall appear upon the trial of any case that evidence of licentious, lascivious, degrading or peculiarly immoral acts or conduct will probably be given, the judge presiding at such trial may, in his discretion, require and cause every person except those necessarily in attendance thereon, to retire from the court-room." Local Acts 1893, No. 408, § 18.

People v. Yeager (Mich.) 71 N. W. 491, arose under this provision of the law. In that case the trial judge directed that the public should be kept out, and enforced the order, and the supreme court held that the act was unconstitutional, and the trial judge was unwarranted in excluding the public, and reversed the conviction.

In State v. Brooks, 92 Mo. 542, 5 S. W. 257, 330, the court held that the right to a public trial by the defendant in a criminal action was not violated when, after admitting the public until the seats in the court room were full, the court excluded others from entering.

In Grimmett v. State, 22 Tex. App. 36, 2 S. W. 631, it was held that where, during the examination of a witness, the court excluded persons from the room for boisterous and disorderly conduct, it was not a violation of the defendant's right to a public trial.

In People v. Kerrigan, 73 Cal. 222, 14 Pac. 849, during the trial for assault with intent to commit murder, the defendant became greatly excited, and used profane and obscene language to the court and to its officers, which created a commotion among the spectators, and seriously interrupted the trial, and the court made an order excluding the spectators from the court room, and it was held not to be a violation of the defendant's rights, but necessary to protect the court from indignity and indecorum.

In Re Shortridge, 99 Cal. 531, 34 Pac. 229, which was an action for divorce, the court says:

"The assumption that the object of the statute was to protect the public from the contaminating influence of prurient revelations often made in actions for divorce, seduction, and criminal conversations is unwarranted. It was to secure decorum in the conduct of trials involving the relations of both sexes, and to protect witnesses of refined sensibilities from the ordeal which they might otherwise have to pass through in giving testimony of a delicate and filthy nature in the presence of a crowd of vulgar or curious spectators. * * * But with the moral aspect of the case we have nothing to do. The courts are not considerators of public morals. Rules affect-

ing the conduct and morals of the community must proceed from the legislative department."

In Cooley, Const. Lim. p. 312, it is said:

"The requirement of a public trial is for the benefit of the accused, that the public may see that he is fairly dealt with, and not unjustly condemned, and that the presence of uninterested spectators may keep his triors keenly alive to a sense of their responsibility and to the importance of their functions."

It will thus be seen that in no case has the court assumed to exclude the general public from the court room on the trial of a criminal action, except for a limited time, to protect the dignity of the court, or under some local statute giving the court express authority so to do; and in these, as in the Yeager Case, the court holds that such statutory authority is unconstitutional, and infringes upon the right of the accused to a public trial.

In considering this question I have not assumed to decide whether or not the defendant was deprived of his undoubted right to a public trial, but to ascertain if there is a reasonable doubt whether the judgment should stand; and an examination of the authorities leads my mind to the conclusion that there is in this case such a doubt. As I understand it, it is my duty, under section 527 of the Criminal Code, to grant the certificate asked for, and it seems to me that the serious and important character of the question here raised is sufficient to warrant the action which I have taken, and I therefore conclude that the defendant is entitled to the certificate, as provided by the Code.