### PEOPLE v. MEADOWS.

(Supreme Court, Special Term, Erie County. March 10, 1909.)

CRIMINAL LAW (§ 1073*)—APPEAL—STAY—CERTIFICATE OF REASONABLE DOUBT.
    The test of propriety of granting a certificate of reasonable doubt, whereon there may be a stay pending appeal from a conviction, is that questions of law are raised sufficient for the consideration of the appellate tribunal.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2730; Dec. Dig. § 1073.*]

Harold G. Meadows, convicted of an offense, applies for a certificate of reasonable doubt. Certificate granted.

Wesley C. Dudley, Dist. Atty., for the People.
Joseph G. Dudley and Charles A Dolson, for defendant.

MARCUS, J. In order that a judgment of conviction pending an appeal may be stayed, a certificate of reasonable doubt whether the judgment should stand may be granted by the judge who presided at the trial or the judge presiding at a regularly appointed Special Term in the district. The order to show cause in this matter was granted by the justice presiding at the trial in which defendant was convicted, and the matter comes before me as the justice presiding at a regularly appointed Special Term in this district.

The defendant has perfected an appeal from the judgment of conviction, and from the record and proceedings presented to me and argued by counsel it appears that numerous exceptions were taken on the trial by defendant to rulings of the trial court. As is often the case upon important trials, when prompt rulings must be made, such questions are not always free from doubt, and the possibility of error is sometimes added to when conducted by numerous able counsel on both sides. The test of propriety of granting a certificate of reasonable doubt is not that the judge to whom the application is made should be satisfied that the judgment will be reversed on appeal, but that questions of law are raised sufficient for the consideration of the appellate tribunal. The right of appeal, since it is a part of our criminal procedure, should be regarded quite as important in a free government as it is in civil cases; and yet a defeated party can as matter of right secure a stay of proceeding under a judgment by giving adequate security on appeal. It would seem that under ordinary circumstances one who is to be deprived of personal liberty by a judgment of conviction should, with equal claim of right, be able to obtain a stay of judgment on giving sufficient bail to secure his presence in case of final affirmance of the judgment

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

against him. The present law, providing for a certificate of reasonable doubt in a proper case, has doubtless grown to some extent from a certain manifestation of public impatience with the delays that at times mark the administration of criminal law. Such considerations, however, should not control judicial action. If the present mode of procedure in criminal trials, with the appeal or appeals allowed, results in undesirable delay in the enforcement of criminal law, relief should be had by legislative action, in the way, either of abolishing appeals altogether, which, however, would be undesirable, or still further expediting their disposition towards final adjudication. As it is, appeals in criminal cases are given preference upon the calendars of all appellate courts in the state. As illustrating the danger from allowing no appeals in criminal cases, it is sufficient to note that within the past two years a Court of Appeal in criminal cases has been established in England for the first time in its judicial history where no appeal from a judgment of conviction or acquittal of the trial court formerly lay.

I am confirmed in these considerations by the able opinion of my associate, Mr. Justice WOODWARD, rendered in 1906, in granting such a certificate upon the conviction of Abraham Hummel in New York City. People v. Hummel, 49 Misc. Rep. 136, 98 N. Y. Supp. 713. In the present case it seems to me that the proceedings and rulings upon the trial without considering them in detail, in the language of Mr. Justice Truax, quoted with approval by Mr. Justice Woodward in the Hummel Case, raise questions of law "sufficient for the consideration of the appellate tribunal," and the certificate is therefore granted upon condition, however, that defendant's bail be increased from $5,000, its present amount, to $10,000.