THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RALPH
STEPPELLO, Appellant.

Supreme Court, Oneida County, August 8, 1931.

*William R. Goldbas* [*D. Francis Searle* of counsel], for the appellant.

*Charles DeAngelis, District Attorney,* for the respondent.

CREGG, J.   The defendant was indicted by the Oneida county
grand jury for a misdemeanor, in that he maintained a disorderly
house in the city of Utica, N. Y.   He was convicted on June 16,
1931, in the Oneida County Court, and was given the maximum,
sentence of one year in jail and a fine of $500.   He is now serving
the sentence.   The case was never before the City Court of Utica
in any form.

The defendant as a matter of right, appealed from the sentence
and conviction.

This is an application for a certificate of reasonable doubt on the
grounds:

*First.* That prejudicial errors were committed upon the trial;

*Second.* That the County Court of Oneida county had no juris-
diction to try the case.

It is claimed by the defendant, appellant, that errors were made
in the charge to the jury, and that several prejudicial errors were
committed upon the trial.

I will only consider here two of the alleged errors.   The district

attorney was permitted, over objection and exception of the defendant, to prove that the defendant was engaged in the illegal traffic of narcotics, and that seven months after the crime charged in the indictment he was living with a woman not his wife. The only purpose such evidence could have served was to prejudice the jury against the defendant. Judge CARDOZO, in the case of *People* v. *Zackowitz* (254 N. Y. 192), said (at pp. 197, 198 and 200): " In a very real sense a defendant starts his life afresh when he stands before a jury, a prisoner at the bar. * * * Inflexibly the law has set its face against the endeavor to fasten guilt upon him by proof of character or experience predisposing to an act of crime. * * * ' The natural and inevitable tendency of the tribunal — whether judge or jury — is to give excessive weight to the vicious record of crime thus exhibited, and either to allow it to bear too strongly on the present charge, or to take the proof of it as justifying a condemnation irrespective of guilt of the present charge.' * * * ' The practice of calling out evidence for one purpose, apparently innocent, and using it for another, which is illegal, is improper; and, if it is clear and manifest that the avowed object is colorable merely, its admission is error.' "

The second ground urged presents an entirely different situation. The jurisdiction of the court is attacked. The criminal jurisdiction of the City Court of Utica is fixed by section 4 of chapter 103 of the Laws of 1882, as amended by chapter 588 of the Laws of 1926, which reads as follows: " While sitting as a court of special sessions, said city court shall in the first instance, *except as hereinafter provided; have exclusive jurisdiction to try and determine all complaints for misdemeanors committed in said city of Utica, where the term of imprisonment does not exceed one year, with or without fine, not exceeding five hundred dollars*, excepting conspiracies and to impose the same punishment as is authorized by statute in like cases to be inflicted by the court of sessions of the county of Oneida. *The defendant, charged with a misdemeanor committed within the corporate limits of the city of Utica, shall not have the right to give bail to await the action of any grand jury but said city court shall have power in its discretion to admit any defendant charged with a misdemeanor to bail to await the action of any grand jury,* to take bail for the appearance of the defendant for trial in the forms prescribed by the code of criminal procedure in all criminal actions triable therein. *This section shall not be construed to abridge the powers of any grand jury in the county of Oneida to find any indictment for a misdemeanor committed in said city of Utica, or to abridge the powers of the court of over and terminer,* or court of sessions, in and for said county, to try any such indictment." (Italics mine.)

The meaning of the above-quoted section of the law is clearly uncertain and ambiguous. It has never been passed upon by the Court of Appeals or the Appellate Division. It has never been before the Supreme Court, so far as my attention has been called, except in the *Matter of Defazio* v. *Oneida County Court* (140 Misc. 487). In that case Defazio and others were indicted by the grand jury of Oneida county for misdemeanors committed in the city of Utica. When the case was about to be moved for trial, an alternative prohibition order was granted, directing the County Court and county judge of Oneida county to desist and refrain from any proceedings in, upon or in respect to the trial of the petitioners, until the further direction of the Supreme Court, and to show cause why said County Court and county judge should not be absolutely restrained from any further proceedings in the action. The matter came on for a hearing before Mr. Justice CHENEY in February, 1931. One of the reasons urged for granting the relief asked was that the City Court of Utica had exclusive jurisdiction to hear the case by reason of the said section 4 of chapter 103 of the Laws of 1882, as amended.

Justice CHENEY held that the County Court of Oneida county had jurisdiction in the first instance, but it should be borne in mind that Justice CHENEY'S OPINION was rendered upon an application for a permanent order of prohibition, *one that would tie the hands of the court. While this is an application, which at best, but temporarily suspends the sentence of the court until the higher courts can interpret the statute and pass upon the errors alleged to have been committed upon the trial, and then only, providing the defendant posts a suitable bond to guarantee his surrender if his sentence of conviction is upheld.* This distinction was clearly recognized by Mr. Justice CHENEY, when he stated (at the bottom of p. 490) as follows: " *There can be no question but that the grievance complained of by the petitioners here can be redressed by the ordinary proceedings of the criminal law and by the appeal provided for therein.*" (Italics mine.)

It is difficult therefore to read the opinion of Justice CHENEY without feeling that he had some doubt as to the real meaning of the statute. A simple amendment to the statute would remove the ambiguity.

The test upon this application is whether or not there are questions in the case of sufficient gravity to justify a review by the appellate court in advance of the imprisonment of the defendant. In applying that test, the law does not consider the individual. (*People* v. *Wagner*, 120 Misc. 214; *People* v. *Martin*, 91 id. 107.) In the *Martin* case the court said: " The rule governing the Special Term in the determination of an application of this kind is that the

court hearing the application need not arrive at a positive conclusion that the trial court erred; it is enough if, in the opinion of the court, there is reasonable doubt whether the judgment should stand; and, in this connection, it is not necessary for the applicant to show that the alleged error did, in fact, prejudice the defendant, *but the court must determine that the error complained of could not in any way have affected or prejudiced the defendant before it is warranted in denying a certificate.* (*People* v. *Tirnauer, supra* [77 Misc. 387], *and cases there cited; People* v. *Damron,* 80 Misc. Rep. 114.) The granting of certificates of reasonable doubt *is not infrequently the subject of adverse criticism by unthinking persons who overlook the fact that, whereas in civil cases affecting only rights to property a defeated litigant can obtain a stay of execution pending a review of the case upon appeal by furnishing security, a defendant deprived of his personal liberty in a criminal case can only obtain a stay of execution pending an appeal* \* \* \* *if he be able to procure a certificate of reasonable doubt. If he cannot get that, he may even if successful upon his appeal, have already served all of the sentence before the appeal can be decided.*" (Italics mine.)

Judicial action should not be influenced by manifestations of public opinion, which may be misguided and often set in motion by personal prejudice.

If the present mode of procedure in criminal trials, with the right to appeal, results in undesirable delays or offends public opinion, relief should be had by legislative action.

The defendant charged with crime is entitled to be prosecuted in a legal manner. His guilt must be established by legal evidence. It matters not what his previous station in life or his former associations have been. He is entitled to the same consideration before the jury regardless of whether he be high or low.

It is a maxim as old as American justice that, regardless of the guilt of the defendant, if he cannot be convicted by fair means, he should not be convicted at all. Such convictions cause discontent and disrespect for law and order.

While the crime charged is a grievous one, a despicable one, and one which involves moral turpitude, yet it is one in which a certificate of reasonable doubt is authorized by the Legislature in sections 527 and 529 of the Code of Criminal Procedure. The errors mentioned may not be considered by the appellate court to be prejudicial to the defendant, yet when they are considered in connection with the question of the jurisdiction of the trial court, they are in my judgment sufficient to create a resonable doubt, and to warrant review.

I see no good reason, therefore, why the defendant should be

incarcerated pending the appeal. If the conviction is upheld he will have to return to jail and serve his sentence, and no harm can be done by staying the sentence during the appeal. Otherwise if the appellate court should decide that the conviction was illegal, grievous harm would result to the defendant for which there would be no redress. Justice does not exact such toll. This result does not carry any suggestion as to the guilt or innocence of the defendant.

Application granted, and the defendant is admitted to bail in the sum of $10,000.