Frank Del Vecchio, J.
This is an application by the defendant Dashnaw for a certificate of reasonable doubt to stay the execution of a judgment of conviction and for admittance to bail pending the determination of his appeal by the Appellate Division. The defendant was indicted by the Grand Jury of Onondaga County for the crime of attempted arson in the third degree (two counts). He was duly arraigned, pleaded not guilty and the case was adjourned to October 17, 1956 for trial.
On October 17, after nine jurors had been selected, Mr. Hurwitz, defendant’s attorney, informed the assistant district attorney that the defendant would plead guilty to a misdemeanor and a statement filed pursuant to section 342-a of the Code of Criminal Procedure was approved by the court, reducing the charge from the felony of attempted arson in the third degree to the misdemeanor of violation of section 43 of the Penal Law.
The defendant pleaded guilty to the reduced charge but the court denied his application to continue bail pending a report from the Probation Department and fixed October 25 as the date for sentence. On that date the defendant knew of no legal reason why sentence should not be pronounced and his attorney made a plea for leniency, suggesting that defendant be placed on probation. The court, however, pointed out that the offense for which the defendant had been indicted was a serious one, stated that inasmuch as he had been permitted to plead guilty to a reduced charge he should not get off with a pat on the back, and pronounced the sentence and judgment of the court that he be imprisoned in the Onondaga County Penitentiary for a period of one year.
The moving papers do not question the defendant’s guilt nor allege any errors in fact or in law but merely point out that his attorney was of the opinion that the defendant would be placed on probation. On the argument he also contended that the sentence was excessive.
The prosecutor opposes the application on two grounds: First, that this court has no power to grant such a certificate since no appeal lies from a judgment based on a plea of guilty. Second, that if the court holds it has such power this application should be denied because the sentence was proper and not excessive.
The court’s attention has been called to the statement by Judge Desmond in People v. Jacoby (304 H. Y. 33) which appears at page 41: “Ho appeal lies from a criminal judgment entered on a plea of guilty unless the sentencing court lacked jurisdiction either of the subject matter of the crime adjudged, or of the person of the defendant.”
*62 Suffice it to say that the statement last quoted appears in a concurring opinion and did not necessarily represent the view of a majority of the court. It is significant that the appeal which the Court of Appeals entertained was from a judgment of the Appellate Division (4th Dept.) modifying and reducing a sentence contained in a judgment entered upon a plea of guilty.
In view of those circumstances, this court is of the opinion that the statement appearing in the Jacoby case is no authority to bar an appeal in the present case.
In People v. Collins (271 App. Div 511) three of the four Judges held that excessiveness of the sentence may be the basis for a certificate of reasonable doubt pending an appeal even though the defendant has pleaded guilty. (See, also, People v. Blumenkrants, 109 N. Y. S. 2d 751.)
The purpose of a certificate of reasonable doubt is to stay the execution of the judgment of conviction, pending an appeal, when it shall be made to appear that ‘ ‘ there is reasonable doubt whether the judgment should stand, but not otherwise ”. (Code Grim. Pro., § 527.)
In People v. Miles (173 App. Div. 179) the court said at page 184: ‘ ‘ the sentence is the judgment of the court which is brought on for review ”. To complete a judgment of conviction it is necessary not only that there be a verdict of the jury or a plea of guilty, but also that the verdict or plea be followed by the sentence of the court. In Matter of Hogan v. Bohan (305 N. Y. 110) the court said at page 112: “ There is a statutory scheme calling for indictment, trial, verdict, pronouncement of judgment and appeal. As to judgment, section 471 of the Code of Criminal Procedure provides, a court ‘ must appoint a time for pronouncing judgment ’ ’ ’ and at page 113, the court said: “In sum, then, following an adjudication of guilt, sentence must be imposed. ’ ’
The term of sentence is a part of the judgment and the appellate court has the power to reduce the sentence imposed to a sentence not lighter than the minimum penalty provided by law for the offense of which the defendant has been convicted. (Code Crim. Pro., § 543.) It follows therefore that if an appellate court modifies or changes the sentence, the judgment of the trial court is modified and — in the terms of the code — does not stand.
This court is of the opinion that, even though the defendant pleaded guilty, it has the power to grant a certificate of reasonable doubt if the sentence may be reduced or modified by the appellate court.
*63 However, certificates of reasonable doubt may not be issued as a matter of right or of course, but only when there is a reasonable doubt that the judgment should stand. (People v. Hess, 6 Misc. 246; People v. Collins, supra.)
The crime of attempted arson in the third degree for which defendant was indicted is a felony punishable by imprisonment in a State prison for a term not exceeding seven years. (Penal Law, §§ 224, 261, subd. 2; § 2183.)
The crime of violation of section 43 of the Penal Law to which defendant was permitted to plead is a misdemeanor punishable by imprisonment in a penitentiary or county jail for not more than one year or by a fine of not more than $500, or by both. (Penal Law, § 1937.)
During the course of the trial on the indictment defendant entered a plea of guilty to the reduced charge. There is no claim that the plea was procured by trickery, deceit, coercion, fraud or misrepresentation. In fact, it appears from the record that at the time of the plea, defendant was asked this question: “ You enter your plea of your own free volition without any promises being made either by Mr. Hurwitz, the District Attorney’s office, or anyone else. Is that correct? ” and defendant answered “ Yes ”,
The defendant does not personally question the sentence or judgment of the court, but his attorney claims in his moving papers that before defendant pleaded guilty he informed the Trial Judge “ that defendant was 20 years of age, married and whose wife had just had an infant daughter, was never in trouble before, had a good record and that he already had served approximately two months in jail during the period his family was attempting to raise bail ”, that, in discussing the possible sentence, the Judge stated that in view of all the circumstances and if defendant had a good record “ probation was not out of the window ’ ’, and that relying on this statement he believed the defendant would be placed on probation.
If the foregoing words may be construed as a promise to counsel which was communicated to and relied on by the defendant that he would be placed on probation, this court is of the opinion that such a promise should be enforced, and if the Trial Judge intended to promise probation I am confident that the commitment would have been honored. However, the law provides that no person shall be placed on probation until an investigation and report shall have been made and considered by the court. (Penal Law, § 2188.) The statement of the Trial Judge was made before any report had been made or received. Lacking the benefit of the investigation required by the Penal *64 Law, the court was in no position at that time to make any determination on the question of probation.
Nor do the words used import a promise of probationary action on behalf of the defendant. Occurring as they did while the subject of probation was under discussion, they were at most only a statement that probation was a possible disposition of the ease — and even the possibility was conditioned on the defendant’s record being good.
Were there any question as to the inference fairly to be drawn from the Judge’s statement, certainly that doubt would be resolved in favor of the defendant. However, bearing in mind the words which were used and the fact that they were spoken without the benefit of an investigation report, this court cannot interpret them as a definite promise of probation.
Furthermore, in order for any statement by the court to be the basis of a modification of the judgment, it would be necessary that the representation have been made to the defendant or at least that the substance of it should have been communicated to and relied on by him. There is nothing in the moving papers to indicate that the defendant was ever advised of the observation made by the Trial Judge or that his plea of guilty was in any way induced by it.
As to the severity of the sentence, after receiving the probation report, which is not part of the record, it was the judgment of the court that the defendant be imprisoned in the Onondaga County Penitentiary for a term of one year.
This represents a carefully considered exercise of discretion and in the circumstances outlined above this court is unable to certify that there is a reasonable doubt whether the judgment should stand.
Application denied.